# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JUSTIN VITTO,

    Plaintiff,

v.

TOM GRAMIAK, ET AL., individually and in their official capacities,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-109

## O R D E R

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. (Doc. 1.) Plaintiff has also filed a Motion for Emergency Injunction and a Motion for Injunction. (Docs. 3, 8.) For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's original Complaint and Motions for injunctive relief and **ORDERS** Plaintiff to file another amendment to his Complaint within **twenty-one (21) days** of this Order, as set forth herein.

## STANDARD OF REVIEW

Plaintiff has brought this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be

granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

2

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

In his Complaint, Plaintiff lists twenty-five (25) individuals as Defendants and contends these Defendants violated his constitutional rights. (Doc. 1.) Specifically, Plaintiff asserts Defendants stalked him and his material witness, Charles Harris. Plaintiff also asserts Defendants threatened to silence, hurt, and kill Plaintiff due to grievances he filed and Plaintiff's warning to Defendants that he would file a federal lawsuit against them. (Id. at p. 5.) Plaintiff contends Defendants tried to prevent him from filing a lawsuit. Plaintiff alleges Defendants denied him access to heat during cold weather, access to the law library, and access to the JPay kiosk. Plaintiff states that Defendants are "stalking" his "grievances and legal mail to try to violate and suppress [his] freedom of speech to unlawfully deny access to court[.]" (Id.) In addition, Plaintiff states "all defendants" have conspired to kill him. (Id.) Plaintiff avers

3

Defendant John Doe poisoned his and his material witness' food trays in an effort to kill Plaintiff and his material witness.

The allegations Plaintiff sets forth in his Complaint are not related to each other. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Moreover, Plaintiff's Complaint is a quintessential "shotgun pleading" which the Eleventh Circuit Court of Appeals and this Court do not permit. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008). Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such an Amended Complaint is filed.

Therefore, the Court **DIRECTS** Plaintiff to file an Amended Complaint within **twenty-one (21) days** from the date of this Order. The Court also **DIRECTS** Plaintiff to:

- (1) draft his Amended Complaint on the complaint form provided by the Clerk of Court;
- (2) clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;
- (3) add no more than ten pages to the form;
- (4) write legibly and only on one side of each page;
- (5) provide the name of each intended defendant;
- (6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

- (7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

- (8) clearly identify each defendant responsible for each alleged violation;

- (9) omit all legal argument or conclusions;

- (10) provide complete information on the administrative relief Plaintiff has pursued, including whether he has filed any grievance on the claims he asserts in this action, the outcome of any grievance, and whether Plaintiff filed any appeal regarding any grievance; and

- (11) provide detailed information on all prisoner civil actions Plaintiff has filed.

The Court **DIRECTS** the Clerk of Court to forward the appropriate 42 U.S.C. § 1983 complaint form to Plaintiff, together with a copy of this Order. After Plaintiff files an Amended Complaint, the Court will conduct the requisite frivolity review. If Plaintiff does not file an appropriate Amended Complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders. Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's original Complaint and Motions for injunctive relief and **ORDERS** Plaintiff to file another amendment to his Complaint within **twenty-one (21) days** of this Order. Should Plaintiff fail to abide by this

5

directive, the Court will dismiss this case for failure to prosecute and failure to follow a court Order.

**SO ORDERED**, this 24th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA